455 So.2d 551 (1984)
Brian Anthony YOUNG, a/K/a William Manley, Appellant,
v.
STATE of Florida, Appellee.
No. AX-1.
District Court of Appeal of Florida, First District.
August 24, 1984.
Rehearing Denied October 2, 1984.
Michael Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant (defendant below), Brian Anthony Young, a/k/a William Manley, appeals his sentence imposed following his plea of no contest to one second degree felony and eleven third degree felonies. The trial court departed from the sentencing guidelines which called for a sentence of two-and-one-half to three-and-one-half years, and imposed concurrent sentences of fifteen years for the second degree felony and five years for each of the third degree felonies. We reverse.
The guidelines form lists three written reasons given by the trial judge for departure from the guidelines:
1. The defendant is an amoral person and a career criminal who should be segregated from society.
2. The defendant was charged with 11 additional felonies but the score *552 sheet only allows points for four additional offenses at conviction.
3. The score sheet does not take into consideration the 27 other felony charges against defendant pending in the state attorney's office.
During the sentencing hearing the trial judge enumerated five reasons for departure, three of which are essentially the same as appear in the written statement:
1. The state attorney would not file informations on 27 other felonies.
2. Charges are pending against defendant from other jurisdictions.
3. The defendant is immoral and acts without regard to the law or society.
4. The score sheet does not provide points for more than four additional felonies, which means he gets no points for 7 felonies he pled to.
5. The defendant needs mental health treatment.
We find that, of the various reasons given by the trial court for departing from the sentencing guidelines, all but one were either impermissibly considered or not clear and convincing, or both.
Consideration of the twenty-seven felonies pending in circuit court and other charges in other jurisdictions is clearly prohibited by Rule 3.701.d.11, Fla.R.Cr.P.
There is no logical correlation between the appellant's need for mental treatment and an extended term of imprisonment in the state correctional system. This reason is neither clear nor convincing.
The opinion of the trial court that the guidelines form does not account for additional felonies beyond four is both inaccurate and an impermissible and unconvincing reason for departure. The form contemplates more than four felonies and clearly states "4+".
The remaining reason given by the trial judge, that the appellant-defendant is an amoral or immoral person and a career criminal who should be segregated from society, finds support in the record; however, when this reason is mired in the confusion revealed by this record, it is impossible to determine whether the trial judge would have come to the same conclusion on this reason alone.
The case is therefore REVERSED and REMANDED to the trial court for resentencing in accordance with Rule 3.701, Fla. R.Cr.P. We recognize, however, that the issue presented here is a significant one for this state's criminal justice system, and we therefore certify the following question as being one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CR.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING.
THOMPSON, J., concurs.
NIMMONS, J., dissents, with opinion.
NIMMONS, Judge, dissenting.
I respectfully dissent. This defendant was convicted[1] of twelve felonies charged in various counts in seven informations. The "primary offense" under the sentencing guidelines scheme was a second degree felony, dealing in stolen property. The other eleven crimes were third degree felonies. The Category 6 scoresheet was used to arrive at the guidelines sentence. In scoring the "primary offense at conviction," the defendant was assessed points for one offense since the primary offense was the only count contained in the applicable information. *553 With respect to the eleven additional felonies, the defendant was scored on only four of them as illustrated by the following portion of the guidelines scoresheet:

 II. Additional offenses at conviction
 Number of Counts Points
 --------------------
 | 1 | 2 | 3 | 4+ |
 ------------------------------|----|----|----|-----| ____
 | Life | 17 | 20 | 22 | 24 |
 |------------------------------|----|----|----|-----| ____
 | 1st | 14 | 17 | 18 | 19 |
 |------------------------------|----|----|----|-----| ____
 | 2nd | 7 | 8 | 9 | 10 |
 |------------------------------|----|----|----|-----| ____
 | 3rd | 3 | 4 | 5 | 6 |
 |------------------------------|----|----|----|-----| 6 
 | MM | 1 | 2 | 3 | 4 |
 --------------------------------------------------- ____

As the above chart shows, it makes no difference to the guidelines sentence whether the defendant was convicted of four more felonies or 100 more felonies.[2]
I know of no reason why these guidelines ought to be construed to preclude the trial court from relying upon the fact of the seven additional felonies, which were not counted in the scoring, as a clear and convincing reason for imposing a greater sentence than that called for by the guidelines. On the contrary, it would appear to me rather unusual for a trial judge to adhere slavishly to the guidelines sentence knowing that seven felonies committed by the defendant were not scored.
Having concluded that there was a clear and convincing reason for the trial court to depart from the guidelines, I am of the view, contrary to the implications from the expressions in the majority's opinion, that we need not examine the other reasons articulated by the trial court for not imposing a sentence within the guidelines range. The majority seems to have been persuaded by the defendant's argument that if one or more of the reasons stated for departing from the guidelines was not "clear and convincing," then the case must be remanded for resentencing even though there was at least one clear and convincing reason stated by the trial court as to why the guidelines sentence was not appropriate. I totally disagree.
Even though some of the articulated reasons may not qualify as clear and convincing reasons under Rule 3.701(d)(11), at least one was. Under such circumstances, I do not understand why this court should be expected to examine all of the other reasons in order to determine whether they, too, would permit departure from the guidelines. Once the appellate court determines that an articulated clear and convincing reason existed for the trial court's imposition of a sentence outside the guidelines, further inquiry into the reasons should not be required. I believe this approach is consistent with the law and comports with logic and reason. Moreover, I believe a contrary approach will be an invitation to resourceful defense counsel to urge the kind of flyspecking review which, I believe, even the framers and proponents of sentencing guidelines never intended. Frequently, conscientious trial judges articulate numerous reasons for imposition of a particular sentence, and it is healthy that they do so in order that all interested persons will know why the court did what it did. But if we adopt the appellant's approach to sentence review under the guidelines, we will be compelled to examine each and every reason mentioned by the trial court. And if, for example, only one of *554 five reasons is found to be wanting, the case will have to be remanded for resentencing, with all of the attendant costs associated therewith including the costs of transporting the prisoner to the sentencing court from whatever state corrections institution to which he may have been assigned. Such further erosion of the goal of finality in the criminal judicial process is, in my view, uncalled for.
A further argument advanced by appellant as to why this court should be required to scrutinize every reason stated by the trial court for departing from the guidelines is that a reason which does not receive this court's imprimatur as a clear and convincing reason for departure may, nevertheless, be reflected in the term of years imposed by the court. I would expressly reject that argument. Once it is determined that there was a clear and convincing reason for imposing a sentence outside the guidelines, the trial court should be accorded the discretion, which it had prior to the advent of sentencing guidelines, to impose any sentence within the statutory range.
Unless the appellate courts of this state are prepared to take over the sentencing function, we need to be vigilant in resisting various inroads now being urged in the present glut of cases wending their way through our system, which inroads would inexorably lead towards the development of the district courts of appeal as, for all practical purposes, the sentencing courts of this state. I regret the direction the majority has charted for this court.
I would affirm.
NOTES
[1] Fla.R.Crim.P. 3.701(d)(2) provides:

"`Conviction' means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended."
[2] On May 8, 1984, the guidelines scoresheets were amended by the Florida Supreme Court to permit scoring offenses in excess of four counts. The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984). Such amendments do not affect the case sub judice inasmuch as their effective date was July 1, 1984. See Chapter 84-328, Laws of Florida.