456 So.2d 1305 (1984)
William BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. AW-337.
District Court of Appeal of Florida, First District.
October 9, 1984.
*1306 L. Sanford Selvey, II, Tallahassee, for appellant.
Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his conviction for the armed robbery of a business establishment in Tallahassee, Florida. Appellant raises three points on appeal, only one of which requires extended discussion, that being his assertion that the trial court erred in departing from the sentencing guidelines, Rule 3.701, Florida Rules of Criminal Procedure. Finding no merit to any of his grounds for appeal, we affirm appellant's conviction.
Appellant and a codefendant, Joseph Ford, were charged by information with the December 23, 1982 armed robbery of Barri Fullerton, the robbery occurring at a business establishment called the Yogurt Pump. After being adjudged guilty of armed robbery, appellant was sentenced by the trial court below to twenty years incarceration. The sentencing guidelines, under which appellant timely asserted the right to be sentenced, recommended a guideline sentence between three and one-half and four and one-half years incarceration. In compliance with Rule 3.701(d)(11), In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 851 (Fla. 1983), the trial court indicated the following as being the reasons for departure from the guidelines' recommended sentence:
First, that the commission of the offense did involve multiple victims.[1]
Secondly, there has been no pretense of moral or legal justification for the commission of the offense.
Third, the court feels and is of the view that this defendant is in need of correctional rehabilitative treatment that can be best provided by commitment to a penal facility.
Next, that he is engaged in a violent pattern of conduct which indicates a serious danger to society.
Next, the sentence is necessary to deter others from the commission of similar offenses.
Next, the emotional trauma suffered by these victims as well as their physical trauma was considered by the court.
Next, that there was participation with others in the commission of the offense.
[And finally] It's the final view of the court that a lesser sentence is not commensurate with the seriousness of the defendant's crime.
*1307 Appellant contends that an examination of the factors relied upon by the trial court show that none of the reasons given by the court were sufficient as "clear and convincing reasons," for the departure. We disagree.
Many of the arguments presented by appellant concerning the trial court's deviation from the guidelines have already been addressed by this court. See, particularly, Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984); Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984); and Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984). It is apparent from the record that the trial court's stated reasons for deviation are focused upon the pattern of criminality revealed both by the instant offense and by appellant's participation in another robbery (which involved multiple victims) with the same co-perpetrators only one month before the commission of the instant offense. Appellant was sentenced by the trial judge for the prior offense at the same time as for the instant offense. See Brooks v. State, 456 So.2d 1305, (Fla. 1st DCA 1984). Viewed in the light of the circumstances of the particular offense, as well as the prior similar offense, the reasons given for deviation are clear and convincing. See, Manning v. State, supra, and Swain v. State, supra.
Certain of the reasons for deviation given by the trial judge were not clear and convincing. The court's reference to "multiple victims" is factually incorrect, since there was only one victim of the instant offense. The reference to absence of "pretense or moral or legal justification" is inappropriate to the particular crime, and the reference to "need of correctional rehabilitative treatment" is so vague and general as to be both unclear and unconvincing, since it appears to be expressing a choice between incarceration in prison and a nonprison sanction, which is not involved in the deviation decision at issue here. These reasons, selected by the trial judge (as were all reasons given) from a prepared sheet containing a "shopping list" of aggravating and mitigating factors, failed the "clear and convincing" test in our judgment. However, we are also satisfied that elimination of these impermissible reasons for deviation would have no effect upon the trial judge's sentencing decision. See, Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984). Since we labor under no uncertainty concerning the trial court's decision to deviate from the guidelines here, we have no occasion to reverse and remand for resentencing as we did in Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), and Carney v. State, supra. However, we certify, as we did in Carney v. State, supra, the same question certified in Young v. State, supra.
We have considered and find without merit appellant's contentions regarding a discovery violation under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the admission of other crime evidence under Williams v. State, 110 So.2d 654 (Fla. 1959), cert. den., 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and Section 90.404(2)(a), Florida Statutes (1981).
The judgment and sentence appealed from are AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Appellant Brooks was sentenced at the same time and based on the same criteria for the instant case, number AW-337, and also for case number AW-329. The latter case involved multiple victims while the instant case did not.