458 So.2d 13 (1984)
Timothy Lee CARNEY, Appellant,
v.
STATE of Florida, Appellee.
No. AW-316.
District Court of Appeal of Florida, First District.
October 9, 1984.
Rehearing Denied November 14, 1984.
*14 Michael E. Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant Timothy Lee Carney ("appellant") contends that the trial court below erred in sentencing him for a term of years outside the recommended sentencing guidelines. We find it necessary to reverse and remand for resentencing.
Appellant, along with two codefendants not involved in the instant appeal, were charged by information on January 11, 1983, with the armed robbery of a Pizza Hut restaurant located near Fort Walton Beach, Florida. Appellant chose to enter a plea of nolo contendere to the charge, and after some delay occasioned by the pendency of a number of federal charges against him in Kentucky, a sentencing hearing was held on November 18, 1983, at which time appellant elected to be sentenced under the sentencing guidelines. Prior to sentencing, the trial court ordered the state to file its recommendations regarding appellant's sentence in writing. The trial court further ordered the state to set forth what the recommended sentence of appellant would be under the guidelines, as well as any "clear and convincing reasons" justifying departure from the recommended guidelines sentence, if any such grounds existed. In response, on November 3, 1983, the state attorney prosecuting appellant's *15 cause filed with the trial court a letter recommending that appellant receive a sentence of ten years in prison. The letter contained seven suggested "clear and convincing reasons" for departure from the guidelines:
1. The defendant knowingly created a risk of injury of death to many people in that he brandished a pistol in a restaurant.
2. The robbery was premeditated and calculated and for pecuniary gain.
3. There was no provocation.
4. There were not excuses or justification's [sic] for defendant's conduct other than being under the influence of drugs which enhanced the danger to others through irrationality.
5. Defendant has not compensated the victim.
6. The victim [sic] has a prior history of delinquency and was on parole at the time of committing this offense.
7. The criminal [sic] is likely to recur based on testimony of a codefendant; the defendant and others robbed a number of establishments enroute to Florida.
Appellant's counsel objected to the state's sentencing recommendation, as well as to the supporting grounds. The guidelines' recommended sentence based on appellant's score sheet was a period of incarceration of between four and one-half to five and one-half years, with a three-year mandatory minimum sentence for possession of a firearm. The trial court, departing from the guidelines, imposed a sentence of ten years incarceration, with a three-year mandatory minimum. As reasons for his departure, the trial court incorporated by reference the seven reasons delineated in the state's letter of recommended sentence dated November 3, 1983.
We agree with appellant that the trial court adopted a number of reasons for departure from the guidelines that are inappropriate. For example, the factors that "the robbery was premeditated and calculated and for pecuniary gain" and "[that] there was no provocation [for the robbery]" are, practically speaking, an inherent component of any robbery, and hence may properly be viewed as already embodied in the guidelines recommended sentencing range. The same is true of the fact that the appellant has not made restitution to the victim.[1] However, some of the reasons for departure from the guidelines adopted by the trial court either are or might be considered "clear and convincing reasons." For example, we agree that departure based on the trial court's implicit finding that the robbery was motivated by appellant's physical state due to the influence of drugs, which "enhanced the danger to others through irrationality" is an aggravating factor that might well warrant consideration. Moreover, the trial court's citation to the factors that appellant "knowingly created a risk of injury or death to many people" by producing and waving a pistol in the restaurant he robbed, and that appellant and his codefendants had previously robbed a number of business establishments en route to Florida, could constitute "clear and convincing reasons" for departure, provided there is adequate basis in the record for such conclusion. However, if convictions were not obtained for the out-of-state robberies, these collateral offenses may not be used for departure. Rule 3.701(d)(11), Florida Rules of Criminal Procedure.[2]Cf., Manning v. State, 452 So.2d 136 *16 (Fla. 1st DCA 1984). That the defendant had a prior history of delinquency and was on parole at the time of commission of the instant offense is also a factor that may properly influence a departure from the guidelines. Cf., Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984) (holding prior criminal record can be considered as factor in decision to deviate from guidelines, even though prior offenses are taken into account by guidelines in arriving at offender's point score). Thus, it appears that the trial court utilized some reasons for departure that are "clear and convincing," or permissible, along with others that are not.
On at least four occasions thus far, all occurring subsequent to the briefing in this case, this court has dealt with sentencing departures where one, or some, but not all reasons given by the trial court were necessarily permissible or "clear and convincing." In the first two cases, departure was affirmed. Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984) (trial court erroneously stated defendant's probation official had recommended departure from the guidelines, but trial court's reliance on past abuses of probation, demonstrated by numerous violations thereof, held "clear and convincing reason"); and Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984) (several reasons given by trial court for departure, i.e., defendant demonstrated no remorse or rehabilitation, perjured himself at his trial, and failed to make restitution to the mother of his murder victim; this court held "at least one reason cited by the trial court"  defendant's pattern of committing crimes within a very short time after release from any incarceration  "justifies departure").
In the most recent of the four cases, Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984), opinion filed October 2, 1984, the sentencing departure was also affirmed, based on the court's determination that although the particular factor in question (quantity of marijuana possessed by defendant) was a factor relating to the offense of conspiracy to traffic in marijuana (as to which defendant was acquitted), it was also a factor relating to the instant offense of conviction (possession of marijuana in excess of 20 grams), and was therefore not improper. Further, said the court:
Even though the trial court may have impermissibly stated (insofar as guidelines departure is concerned) that more bales of marijuana would be involved in the "transaction," such does not vitiate, as a clear and convincing reason for departure, the defendant's possession of a large quantity of marijuana. (citation omitted)
Id. at 11.
In Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), this court found that of the trial judge's three written reasons for departure (plus two others stated orally during sentencing), "all but one were either impermissibly considered or not clear and convincing, or both." As for the remaining reason, "the defendant is an amoral person and a career criminal who should be segregated from society ...," this court found that this reason "finds support in the record," but nevertheless concluded: "[W]hen this reason is mired in the confusion revealed by this record, it is impossible to determine whether the trial judge would have come to the same conclusion on this reason alone." It should also be noted that the Young panel certified the following question to the Supreme Court of Florida as being one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CR.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE *17 FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING.
The element of confusion in the record, which influenced this court's Young decision, is not present here. However, we do find ourselves hampered, as was the majority in Young, by an inability to determine whether the trial judge would have imposed the same sentence based only upon the permissible stated grounds for departure. Certain of the impermissible reasons given, specifically numbers two, three, and five (relating to premeditation, absence of provocation, failure to compensate victim) appear to us to be so inconsequential as to call for application of the harmless error rule. Not so reason number seven, which recites in part that "the defendant and others robbed a number of establishments en route to Florida." This appears to us to be among the most serious and concrete of the reasons given for departure, and is linked to the court's conclusion that appellant's criminal conduct is "likely to recur." Unfortunately, the trial court's reliance upon the mere fact that defendant had been accused, but not convicted, of other separate offenses flies directly in the face of the prohibition of Rule 3.701(d)(11). We therefore find it necessary to reverse the trial court's sentence because we are reluctant to speculate, under the circumstances, that elimination of the impermissible grounds for departure would have no effect on the trial court's sentencing decision.
Because of the similarities between this case and Young, we address one additional issue. Judge Nimmons, in his dissenting opinion in Young, in disagreeing with the result reached in that case, has articulated many of the reasons for declining to adopt a per se rule requiring reversal of sentences departing from the guidelines if one or more impermissible reasons are commingled with permissible ones. We will refrain from repetition of those reasons. We observe, however, that we agree with the views expressed by Judge Nimmons for the most part, and would recede from Young to the extent that it appears to adopt, at least by implication,[3] a per se rule of reversal in every instance in which permissible and impermissible reasons for departure are stated by the trial judge.
We think a more appropriate rule  one which would allow greater flexibility to the trial court, but still preserve the substantial rights of the accused to have meaningful appellate review of a sentence outside the guidelines  would be to affirm the trial court's sentencing departure where impermissible as well as permissible reasons for departure are stated, where the reviewing court finds that the trial court's decision to depart from the guidelines, or the severity of the sentence imposed outside the guidelines, would not have been affected by elimination of the impermissible reasons or factors stated. A similar standard for review has been adopted by the Florida Supreme Court in death penalty cases where valid as well as invalid aggravating factors have been considered by the trial court. See Bassett v. State, 449 So.2d 803, 808 (Fla. 1984), quoting Brown v. State, 381 So.2d 690, 696 (Fla. 1980), cert. den., 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981); see also, Jackson v. Wainwright, 421 So.2d 1385, 1388 (Fla. 1982), cert. den., ___ U.S. ___, 103 S.Ct. 3572, 77 L.Ed.2d 1412 (1983); Straight v. State, 397 So.2d 903 (Fla. 1981), cert. den., 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981).
In the interest of maintaining uniformity of decisions, we certify to the Florida Supreme Court as a matter of great public importance the same question certified in Young v. State, supra.
REVERSED and REMANDED for resentencing.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Had the trial court below ordered appellant to make restitution in the case at bar, in conformity with Section 775.089, Florida Statutes (1983), after notice to appellant and the opportunity to be heard as to whether he had the ability to pay restitution, see Harris v. State, 452 So.2d 1041 (Fla. 2d DCA 1984), then appellant's purported failure to make restitution would undoubtedly constitute a "clear and convincing reason" for departure from the guidelines. Compare Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984) (violation of a substantive condition of probation a "clear and convincing reason" for departure from the guidelines.)
[2] As amended, the rule now provides, in part: "Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction." The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). See also, Committee Note (d)(11), providing, in part: "The court is prohibited from considering offenses for which the offender has not been convicted."
[3] The opinion in Young does not expressly purport to adopt such a per se rule of reversal; the implication arises from the substance of the question certified.