462 So.2d 548 (1985)
George W. BURCH, Appellant,
v.
STATE of Florida, Appellee.
No. AX-132.
District Court of Appeal of Florida, First District.
January 11, 1985.
Michael E. Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant challenges the trial court's decision to depart from the sentencing guidelines and impose two concurrent five year prison terms instead of the recommended sentence of community control or twelve to thirty months' incarceration. He asserts that the trial court's stated reasons for departure are not clear and convincing as required by Fla.R.Crim.P. 3.701(d)(11). We agree that three of the four reasons given by the trial court do not support the departure and we therefore vacate the sentence and remand for reconsideration.
The trial court gave four reasons for declining to impose the recommended sentence:
(1) No pretense of moral or legal justification for the offense;
(2) In need of rehabilitative treatment that can best be provided by commitment to a penal facility;
(3) Prior history of unsuccessful alternatives to commitment in a penal facility; i.e., previous revocation of probation;
(4) On parole at the time of the present offense.
We find that the trial court's consideration of appellant's prior history of failed alternative treatment was proper since it is a factor which is not already built into the guidelines' calculation. See Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984). We find the other stated reasons to be inadequate, the first being ambiguous and lacking in clarity for failure to relate to any identified fact in the context of this case. Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984).
The trial court's stated reason as to need of rehabilitative treatment that can be best provided by commitment to a penal facility is likewise unclear. See Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984), where the deviation decision similarly did not involve a non-prison guidelines sanction. Appellant's recommended sentence provided for up to thirty months' incarceration, therefore the trial court's concern that appellant receive treatment could have been *549 assuaged without resort to deviation from the recommended sentence.
The fact that appellant was on parole at the time of his offense was not a proper reason for departing from the guidelines since appellant received ten points on his guidelines score sheet for this same factor. The stated purpose of the sentencing guidelines is to establish a uniform set of standards to guide the judge in the sentencing process. Fla.R.Crim.P. 3.701(b). Built into the guidelines is a provision for increasing a defendant's score if he is under legal constraints at the time of the offense. Thus, the guidelines contemplate that those who are convicted of similar crimes and who were under legal constraint at the time of their offense will be treated uniformly in the absence of other factors justifying different treatment. We find a lack of logic in considering a factor to be an aggravation allowing departure from the guidelines when the same factor is included in the guidelines for purposes of furthering the goal of uniformity.[1]
Thus, as in several recent cases before this court, one of the reasons for departure adopted by the trial court is permissible, while others are not. See Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984).
In Young and Carney, we certified the following as being a question of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CR.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING.
The same question could be certified in this case; however, we find that some clarification is appropriate here. One of the asserted reasons for departure is appropriate and three are inappropriate. The valid reason alone might support the departure if the inappropriate reasons were disregarded by this court. In Carney we indicated that the general rule would be to affirm when both permissible and impermissible reasons were stated "where the reviewing court finds that the trial court's decision to depart from the guidelines ... would not have been affected by elimination of the impermissible reasons or factors stated." 458 So.2d at 17.[2] In other words, a guidelines departure will be affirmed if this court finds that the existence of impermissible reasons constitutes harmless error. In this case we are unable to find that the reliance on the three impermissible reasons was harmless error. However, we certify the following question as being of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT HAS RELIED ON ONE OR MORE IMPERMISSIBLE REASONS FOR DEPARTING FROM THE SENTENCING GUIDELINES, AND HAS ALSO RELIED ON ONE OR MORE PERMISSIBLE REASONS, MAY THE APPELLATE COURT APPLY THE HARMLESS ERROR RULE AND AFFIRM THE SENTENCE?
Reversed and remanded for further proceedings consistent with this opinion.
SHIVERS, J., concurs.
NIMMONS, J., concurs and dissents with written opinion.
NIMMONS, Judge, concurring in part and dissenting in part.
I agree with the majority's views regarding each of the four reasons given by the *550 trial court. However, I continue to adhere to the view that if at least one of the reasons given by the trial court passes muster as a clear and convincing reason for imposing sentence outside the guidelines, even though other reasons do not, affirmance is in order. See Young v. State, 455 So.2d 551, 553 (Fla. 1st DCA 1984) (Nimmons, J., dissenting); compare Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984). I would, therefore, not disturb the sentences. However, I do agree that the question posed in the majority opinion should be certified.
NOTES
[1] Our conclusion on this point would appear to conflict philosophically with the Fifth District's holding in Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984).
[2] See also Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984).