ON MOTION FOR REHEARING
PER CURIAM.
Appellant’s Motion for Rehearing is denied. However, we hereby certify as a matter of great public importance the same question certified in Young v. State, 455 *1087 So.2d 551 (Fla. 1st DCA 1984); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984); Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984); and Burch v. State, 462 So.2d 548, (Fla. 1st DCA 1985):
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENC-ING?
BOOTH and SHIVERS, JJ., and TILLMAN PEARSON (Ret.), Associate Judge, concur.