463 So.2d 478 (1985)
Humberto Hernandez NAPOLES, Appellant,
v.
STATE of Florida, Appellee.
No. AW-326.
District Court of Appeal of Florida, First District.
February 7, 1985.
*479 Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant challenges the trial court's departure from the recommendation of the sentencing guidelines, urging that the court failed to provide sufficiently clear and convincing reasons for its departure as required by Fla.R.Crim.P. 3.701 d.11. We reverse.
The Court imposed an 18 month sentence rather than following the guidelines recommendation of "any nonstate prison sanction." We agree that five of the six reasons for departure provided by the trial court by way of a "checklist" are inadequate. Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984). The remaining reason checked: "Number of times offender previously given probation after conviction," merits some discussion. The reason is clearly improper as the record reveals that appellant had been on probation only once: at the time he committed the instant offense. The guidelines computation sheet reflects that this fact was already taken into consideration in computing the recommended sentence. Therefore, it should not be utilized as an aggravating factor in departing from the guidelines. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985).
Although in Alford, this court looked with disfavor upon the use of a "checklist" or "laundry list" when stating reasons for departing from the sentencing guidelines, the fact that such a list was used does not compel reversal. However, since five of the reasons given for departure fall short of being clear and convincing and the remaining reason is improper, the appellant's sentence should be vacated and the cause remanded for resentencing.
Accordingly, the sentence is REVERSED.
WENTWORTH, THOMPSON and WIGGINTON, JJ., concur.