466 So.2d 1182 (1985)
Dan BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. AX-481.
District Court of Appeal of Florida, First District.
April 2, 1985.
*1183 Michael Allen, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Thomas H. Bateman III, Asst. Atty. Gen., for appellee.
PEARSON, TILLMAN
Defendant appeals from a final judgment and sentence of robbery with a firearm, urging four issues on appeal:
ISSUE I: Whether the information charging robbery was fundamentally defective because it did not allege taking from the custody of any person.
ISSUE II: Whether the trial judge committed reversible error when he failed to conduct a proper inquiry into the state's violation of its obligation to furnish discovery.
ISSUE III: Whether the trial judge erred by modifying the standard jury instruction concerning principals in possession of weapons during a robbery.
ISSUE IV: Whether appellant's sentence must be vacated because (a) he did not affirmatively select sentencing under the guidelines and thereby waived ex post facto rights, (b) the scoresheet improperly included several offenses erroneously included under defendant's prior record and (c) the reasons for departing from the guidelines were not clear and convincing.
We affirm on the first three issues and reverse on Issue IV.
On December 29, 1982, appellant, appellant's brother William, and Vance Frazier decided to rob a grocery store in Tallahassee. They drove to the store and Frazier entered while appellant and his brother stood guard. Frazier wielded a gun which was owned by appellant's brother and forced an employee in the store to turn over between $1,000 and $2,000 in cash. Frazier then fled the store with appellant and William running ahead of him. A witness to the incident chased Frazier out of the store and took note of the type car he entered when he made his getaway. Appellant and Frazier were subsequently identified by a witness to the incident in a pretrial photographic display. Several witnesses testified as to the incident and, in certain incidental respects, their testimony was conflicting and confusing. The three perpetrators of the offense were subsequently picked up on the same day by investigator Luke who had previously been on the lookout for Frazier as a suspect regarding other offenses. After appellant was arrested, he denied any involvement in the robbery and said he was at work and that his employer could verify his story. His employer was unable to make such verification at trial.
Vance Frazier entered a negotiated plea of guilty to robbery at the grocery store in exchange for immunity on other charges. He testified as to the robbery and indicated that appellant and his brother committed the robbery with him. He also testified as to the details of the robbery. Frazier was sentenced to three years imprisonment. Appellant was found guilty by a jury of robbery with a firearm and was sentenced to 20 years incarceration. At the sentencing hearing, there was a discussion as to the proper calculation of the sentencing guidelines score, but it does not appear from the record that appellant or his counsel made any affirmative selection to be sentenced under the guidelines. The guidelines scoresheet showed a recommended sentence of five years. The trial judge used a preprinted list of mitigating and aggravating circumstances in departing from the guidelines. Appellant appeals.
We affirm Issue I, holding that the information filed against appellant was not so vague, indistinct and indefinite as to *1184 mislead the accused and embarrass him in the preparation of his defense or expose him to substantial danger of repeated prosecution. Lackos v. State, 339 So.2d 217 (Fla. 1976). The mere fact that the information did not specifically name the individual who was robbed but rather named the owner of the property does not necessitate reversal  particularly where defendant was aware of the identity of the individual robbed.
With respect to Issue II, we affirm the trial court's finding that there was no discovery violation by the state. Because there was no discovery violation, the trial court was under no obligation to hold a Richardson hearing. Richardson v. State, 246 So.2d 771 (Fla. 1971).
The third issue raised by appellant relates to the sufficiency of the jury instructions given by the court. We hold that the instructions given by the court correctly set forth the applicable rule of law and affirm. Busch v. State, 355 So.2d 488 (Fla. 1st DCA 1978).
As to appellant's final point on appeal, we agree that several errors occurred during the sentencing process which necessitate reversal and remand for resentencing. It is clear that a defendant must affirmatively select guideline sentencing and the record in this case does not reflect any evidence that appellant made such election. Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984). It is also clear pursuant to the opinions of this court that a properly prepared guidelines scoresheet is to be provided by the state. If the scoresheet contains prior offenses that are challenged by defendant, and the only evidence of such offenses is hearsay, then the evidence must be corroborated by the state. Charles Lee Davis v. State, 463 So.2d 398 (Fla. 1st DCA, 1985). In the present case, the court erred in relying solely on hearsay evidence to prove the existence of prior convictions challenged by defendant.
Finally, this court has held that the reasons for departure from the guidelines must relate to the facts and circumstances of the crime in question and may not be simply vague and uncertain statements taken from a laundry list of reasons. Alford v. State, 460 So.2d 1000 (Fla. 1st DCA, 1984); Napoles v. State, 463 So.2d 478 (Fla. 1st DCA, 1985). We hold that this court's reason for departing from the guidelines taken from a preprinted list of reasons, were not clear and convincing because they did not relate to the points of the case.
Affirmed in part and reversed and remanded for resentencing.
BOOTH and SHIVERS, JJ., concur.