471 So.2d 630 (1985)
Samuel T. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AY-499.
District Court of Appeal of Florida, First District.
June 25, 1985.
*631 Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Williams appeals from the imposition of a sentence outside of the recommended guidelines range. We affirm.
Following jury conviction for aggravated battery with a deadly weapon, the trial judge sentenced Williams to five years imprisonment rather than accepting the recommended scoresheet sentence of 30 months  3 1/2 years.
In departing from the guidelines range, the trial judge checked off three aggravating circumstances and wrote in one additional reason. The court's reasons for departure are:
9. No pretense of moral or legal justification.
11. Has engaged in violent pattern of conduct which indicates a serious danger to society.
32. A lesser sentence is not commensurate with the seriousness of the defendant's crime.
33. Other reasons: Defendant stabed [sic] victim while she was asleep & therefore particularly vulnerable.
Williams raises two points on appeal: (1) the use of a check list of reasons for departure is per se invalid; and (2) the reasons for departure are not clear and convincing as required by Florida Rules of Criminal Procedure 3.701(d)(11).
As to Williams' first point, we stated "[a]lthough ... this court looked with disfavor upon the use of a `checklist' or `laundry list' when stating reasons for departing from the sentencing guidelines, the fact that such a list was used does not compel reversal." Napoles v. State, 463 So.2d 478, 479 (Fla. 1st DCA 1985). When a trial judge uses a check list of reasons to depart from the guidelines, the reasons must relate to facts and circumstances of the crime in question. Brooks v. State, 466 So.2d 1182 (Fla. 1st DCA 1985). We therefore proceed to address Williams' second point on appeal: whether the four reasons given by the trial judge are clear and convincing.
We find that three of the four reasons relate to the facts and circumstances in the record and are adequate reasons for departure. See Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984); Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984).
This court has on several occasions held that the first reason offered by the trial judge, "No pretense of moral or legal justification", to be inadequate. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985); Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984); Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984). We also find this reason inadequate as failing "to relate to anything within the context of the case." Alford v. State, 460 So.2d at 1001.
Although one of the reasons for departure is impermissible, we do not consider that elimination of this reason would have affected the trial judge's decision to depart from the guidelines. Carney v. *632 State, 458 So.2d 13 (Fla. 1st DCA 1984). Accordingly, we affirm, but, as in Carney v. State and Brooks v. State, certify the following question as being one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CRIM.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING.
AFFIRMED.
ERVIN, C.J., and WENTWORTH and BARFIELD, JJ., concur.