472 So.2d 779 (1985)
Willie SCURRY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. AW-442.
District Court of Appeal of Florida, First District.
June 27, 1985.
Rehearing Denied August 5, 1985.
*780 Michael E. Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Scurry appeals from a sentence imposed outside of the sentencing guidelines. We affirm.
Scurry was charged by indictment with the first degree murder with a firearm of his brother, John Wayne Scurry. Following a jury trial, Scurry was found guilty of the lesser included offense of second degree murder with a firearm. At the sentencing hearing, the trial judge departed from the recommended guidelines sentence of 12-17 years, and sentenced Scurry to 30 years imprisonment. The court's reasons for departure were the following:
1. The offense was carried out with particular cruelty in that the offense was committed in the presence of family members and close friends.
2. The defendant fired the fatal shot from a public street while the victim was in the doorway of his own home evincing a flagrant disregard for the safety of others.
3. The offense was planned by the defendant as evidenced by the fact that after he argued with the victim he walked approximately three tenths of a mile to get his rifle and returned the same distance to the scene and said to an undertaker along the route "wait here I'm gonna bring you one in a few minutes" or words to that effect. The defendant then sat down on a bench across from the victim's home for several minutes before he shot the victim.
4. The offense for which the defendant was sentenced was committed in a calculated manner without pretense of moral or legal justification or provocation.
5. The victim suffered great personal pain and injury as a result of the shooting, dying more than thirty hours after *781 he was initially shot, during which time heroic medical and surgical procedures were performed in an effort to sustain his life.
6. The defendant showed no remorse for having committed the offense for which he was sentenced as evidenced by his courtroom demeanor and non-caring attitude throughout the proceedings.
7. The defendant committed the offense by using a rifle firearm.
8. The defendant, prior to committing the murder had been drinking. The defendant had begun drinking at approximately 8:00 a.m. on the Friday morning of the murder. The defendant has an established pattern of drinking as he did the morning of the murder.
9. The defendant has twice before been given periods of probation after convictions. Apparently the defendant learned nothing from these past periods of probation, in that he has not been able to conform his behavior to societal norms and standards.
10. A lesser sentence is not commensurate with the seriousness of the defendant's crime.
11. The sentence imposed in this case is necessary to deter others. The portion of Monticello in which the victim was killed is an area with small grocery stores that sell alcoholic beverages. Some of the people who hang around this portion of Monticello frequently drink to excess and cause trouble and problems. Frequently firearms and other deadly weapons are involved in the commission of crimes in this area. The crime was committed in front of one of these groceries where the defendant had been drinking prior to his murdering the victim in front of a number of these people.
12. The Parole and Probation Officer who prepared the presentence investigation recommended the defendant be sentenced outside the sentencing guidelines and receive not less than a 25 year commitment to the Department of Corrections.
13. In the court's opinion the evidence as presented could have easily sustained a conviction of murder in the first degree.
We find the reasons numbered one and two are valid reasons to depart from the guidelines. See Garcia v. State, 454 So.2d 714, 717 (Fla. 1st DCA 1984); Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984). Reason number three was properly considered in accordance with rule 3.701(b)(3), as "circumstances surrounding the offense." Johnson v. State, 462 So.2d at 50.
Reason number four is an impermissible reason for a departure from the guidelines sentence. By convicting Scurry of the lesser included offense of second degree murder, the jury obviously did not feel the crime was committed with the necessary premeditation or calculation to sustain a conviction for first degree murder. Therefore, the trial judge included a factor relating to the instant offense for which a conviction was not obtained, which violates Florida Rule of Criminal Procedure 3.701(d)(11). The trial judge, in doing so, "improperly usurped the jury's function when, in fact, the jury rejected the allegations that appellant committed the crime" with the necessary premeditation. Von Carter v. State, 468 So.2d 276, 278 (Fla. 1st DCA 1985). Cf. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985); Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984). Under the same rationale, reason number thirteen is an impermissible reason for departure.
Reasons five and seven through twelve, are valid bases upon which the trial judge can depart from a recommended guidelines sentence. In doing so, the trial judge simply took into account the "severity of the convicted offense and the circumstances surrounding the offense," as contemplated by Rule 3.701(b)(3), in deciding to sentence outside of the guidelines. See Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984); Deer v. State, 462 So.2d 96 (Fla. 5th DCA 1985) (reason number nine).
*782 Reason number six is an improper reason for departing from the recommended guidelines sentence. Defendant's lack of remorse is not a clear and convincing reason to depart from the guidelines. See Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985); Cf. Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984); Hunt v. State, 468 So.2d 1100, 1101 (Fla. 1st DCA 1985).
Therefore, finding that the majority of the trial judge's reasons for departure from the guidelines are valid, clear and convincing, we conclude that his reliance on three impermissible reasons constitutes only harmless error, requiring affirmance. Burch v. State, 462 So.2d at 549; Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984).
As in Carney v. State, we certify the following question as one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CR.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING.
AFFIRMED.
ERVIN, C.J., and WENTWORTH and BARFIELD, JJ., concur.