PER CURIAM.
This cause is before us on appeal from a judgment of conviction for grand theft auto and a sentence imposed of five years pursuant to a departure from the sentencing guidelines.
We affirm appellant’s conviction.
While two reasons given for departure may be inadequate,[1] we find the other written reasons given for the departure from the sentencing guidelines were clear and convincing, as required by Rule 3.701(d)(ll), Florida Rules of Criminal Procedure. The trial court did not abuse its discretion in departing from the sentencing guidelines, and the sentence is affirmed.
As in Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985), Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), and Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), we certify the following question as one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT *752 RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY A DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENC-ING?
BOOTH, C.J., and MILLS and JOANOS, JJ., concur.

. That defendant was filed on as an habitual offender and that defendant spent 17 years in prison we feel may constitute impermissible reasons for departure.