483 So.2d 37 (1986)
Jeffrey Lynn MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. BF-6.
District Court of Appeal of Florida, First District.
January 7, 1986.
Rehearing Denied March 5, 1986.
Michael E. Allen, Public Defender; David J. Busch, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, defendant below, appeals the trial court's departure from the sentencing guidelines. We reverse and remand for resentencing on the basis of the supreme court's decision in Albritton v. State, 476 So.2d 158 (Fla. 1985).
The appellant was originally charged, in 1982, with four counts of armed robbery and one count of possession of a firearm by a convicted felon. After a jury trial he was found guilty of all counts as charged. He then appealed the armed robbery conviction to this court, which affirmed the judgment but reversed and remanded for resentencing on the basis of a scoring error. Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984). On resentencing, the trial court chose to depart from the sentencing guidelines and imposed three concurrent life sentences and a concurrent 15-year sentence, all of which were to run consecutively to the *38 sentence Moore was already serving. The trial court listed the following grounds for the departure:
1. The commission of the offenses involved multiple victims, those being teenagers working at a fast-food restaurant.
2. There was no pretense of moral or legal justification for the commission of the offense.
3. The Defendant's pattern of criminality is clearly a violent pattern of conduct and makes him a serious danger to a lawful and civilized society.
4. The Defendant used an accomplice, and both of them were armed with weapons which presented a threat of death or great bodily harm and manifested an immediate and present ability to carry out the threats. The Defendant and his companion committed four serious armed robberies over a two-day period at two separate business locations.
5. The deadly weapons were brandished and used to intimidate.
6. The Defendant was on probation for the same type of crime at the time of the commission of the instant offense.
7. The reason presented by the Defendant in the Pre-Sentence Investigation for the commission of the robberies was to further other felony offenses, to-wit: the payment for the purchase of unlawful drugs.
8. The totality of the facts and of the circumstances, together with the criminal history of the Defendant and his criminal involvement, reflects that he is an ongoing danger to society and there is not a likelihood that he could be rehabilitated in his lifetime.
Appellant argues on appeal that the sentence must be reversed on the basis of the trial court's use of invalid reasons for departure. We agree.
Of the eight reasons listed for departure, we find two to be invalid. First, the court's finding that appellant had no pretense of moral or legal justification for committing his offense has been repeatedly held by this court to be an invalid reason for departure. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985); Williams v. State, 471 So.2d 630 (Fla. 1st DCA 1985); Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984); Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984). Second, the fact that appellant was on probation at the time of his offense was also an inappropriate reason for departure as his probation was already factored into the sentencing guidelines scoresheet. See Burch v. State, supra.
Although the trial court's departure was grounded on both valid and invalid reasons, the State has not shown beyond a reasonable doubt that "the absence of the invalid reasons would not have affected the departure sentence." Albritton v. State, supra, at 160. Therefore, we reverse the trial court's sentence and remand for resentencing.
REVERSED and REMANDED.
ZEHMER, J., concurs.
MILLS, J., dissents with an opinion.
MILLS, Judge, dissenting:
I dissent. I would affirm.
The majority found that two of the eight reasons for the trial court's departure were invalid and that six of the reasons were valid. I agree.
Although I agree with the majority's statement of the Albritton standard, I do not agree with its application to this case because it is clear beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.
As stated by the majority, the two invalid reasons have been repeatedly held invalid. However, the six valid reasons have been repeatedly held valid. See Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984); Williams v. State, 471 So.2d 630 (Fla. 1st DCA 1985); Keys v. State, 473 So.2d 800 (Fla. 5th DCA 1985); and Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984). Any one of the valid reasons supports the departure sentence. Not only is there no *39 reasonable doubt, there is absolutely no doubt that the two invalid reasons would not affect the departure in this case.