492 So.2d 1308 (1986)
Samuel T. WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 67380.
Supreme Court of Florida.
June 26, 1986.
Rehearing Denied September 16, 1986.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Patricia Conners, Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Justice.
We have for review Williams v. State, 471 So.2d 630 (Fla. 1st DCA 1985). In this case, the First District upheld Williams' departure sentence and certified the following question as being of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CRIM.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING.
Id. at 632. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The certified question has been answered in State v. Young, 476 So.2d 161 (Fla. 1985). To limit ourselves to simply answering the certified question, however, would leave *1309 the impression that the remaining reasons deemed permissible by the district court were clear and convincing reasons for departure. To eliminate any confusion on this issue, we deem it necessary to consider the reasons sustained by the court below. We find them to be insufficient.
The fact that Williams "[h]as engaged in [a] violent pattern of conduct which indicates a serious danger to society" is not a clear and convincing reason for departure from the guidelines under the facts of this case. The only evidence presented to support such a finding is the defendant's prior record. Williams received twenty-seven points for prior convictions. Thus, his prior criminal history was already considered in computing his recommended punishment under the guidelines. A trial judge may not depart from the guidelines based on a factor which has already been weighed in arriving at a presumptive sentence. State v. Mischler, 488 So.2d 523 (Fla. 1986); Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985); Napoles v. State, 463 So.2d 478, 479 (Fla. 1st DCA 1985).
It is also improper to depart based on the trial court's perception that the recommended sentence under the guidelines is not commensurate with the seriousness of the crime. The raison d'etre of the sentencing guidelines is to develop punishment commensurate with the seriousness of the crime. The different categories of crimes, the various scoring opportunities, and the disparate punishment ranges are clearly bottomed on this objective. The guidelines were enacted "to establish a uniform set of standards to guide the sentencing judge" and "eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense-and offender-related criteria and in defining their relative importance in the sentencing decision." In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla. 1983). Accord Santiago v. State, 478 So.2d 47, 48 (Fla. 1985); Hendrix, 475 So.2d at 1219-20. A trial judge may not substitute his own opinion for that of the Sentencing Guidelines Commission simply because he does not agree with the presumptive sentence. Cf. Allen v. State, 476 So.2d 309, 310 (Fla. 2d DCA 1985) (trial judge may not depart simply because he thinks a harsher sentence will deter others). To permit every trial judge to determine his or her own sentence would result in the total elimination of the sentencing guidelines.
The final reason the trial court gave for departing from the guidelines was that the defendant stabbed the victim while she was sleeping and therefore more vulnerable. This factor alone is not a clear and convincing reason to depart.
In summary, none of the reasons advanced justified departure from the guidelines. Accordingly, we quash the decision below and remand this cause to the district court with orders to direct the trial court to sentence petitioner within the recommended range provided by the guidelines.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.