BARFIELD, Judge.
The state has appealed a downward departure sentence for felony petit theft. The presumptive guidelines sentence was 9 to 12 years. The statutory maximum was 5 years. The two reasons for departure relied on by the trial court are not clear and convincing. On remand, the trial court is to resentence within the guidelines, Williams v. State, 492 So.2d 1308 (Fla. 1986), and impose the statutory maximum penalty, Florida Rule of Criminal Procedure 3.701(d)(10). REVERSED and REMANDED.
In this case the trial court has been directed to sentence within the guidelines. In Johnson v. State, 503 So.2d 959 (Fla. 1st DCA 1987), we permitted the trial judge to reconsider departure because the sole reason given for departure was approved by the district court at the time sentence was imposed but later held invalid by the supreme court. Other decisions of this court have directed sentencing within the guide *922 lines or remanded for resentencing. We certify to the supreme court the following question as one of great public importance:
DOES WILLIAMS V. STATE, 492 S0.2D 1308 (FLA.1986) REQUIRE THAT ALL CASES IN WHICH DEPARTURE SENTENCES ARE REVERSED BECAUSE NO REASONS STATED BY THE TRIAL JUDGE ARE FOUND TO BE VALID BE REMANDED WITH DIRECTIONS TO SENTENCE WITHIN THE GUIDELINES?
ERVIN and WIGGINTON, JJ., concur.