511 So.2d 342 (1987)
William MENDENHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1176.
District Court of Appeal of Florida, Fifth District.
July 2, 1987.
Rehearing Denied August 20, 1987.
James B. Gibson, Public Defender, and Daniel J. Schafer, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another reversal of a sentence departing from the recommended guidelines sentence.
The trial court's written reasons for departure were
1) The totality of the facts show the defendant is an on-going danger to society with no likelihood of rehabilitation. Moore v. State, 483 So.2d 37 (Fla. 1st DCA 1986).
2) The defendant has a pattern of drinking to excess and the defendant was drinking at the time of the offense. Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985).
Danger to society is not a clear and convincing reason for departure in this case. Keys v. State, 500 So.2d 134 (Fla. 1986); Williams v. State, 492 So.2d 1308 (Fla. 1986); Vega v. State, 498 So.2d 1294 (Fla. 5th DCA 1986). This does not mean that danger to society can never be a clear and convincing reason for departure. In Whitehead v. State, 498 So.2d 863 (Fla. 1986) the court said that although some indicia of future danger to society is included within the guidelines,
Other evidence ... which establishes beyond a reasonable doubt that the defendant poses a danger to society in the future can clearly be considered justification for a departure from the recommended sentence.
498 So.2d at 865. The record, however, does not support that reason in this case.
The unlikelihood of rehabilitation is not a valid reason for departure. Todd v. State, 503 So.2d 451 (Fla. 5th DCA 1987); Williamson v. State, 496 So.2d 886 (Fla. 2d DCA 1986).
Intoxication and drug dependency are not valid reasons for departure. Barbera v. State, 505 So.2d 413 (Fla. 1987). See also Scurry v. State, 489 So.2d 25 (Fla. 1986) (quashing Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985), which the trial court cited in its second reason for departure in this case); Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985).
The departure sentence is vacated and the cause remanded with directions that a sentence be imposed within the recommended guidelines sentence.
*343 SENTENCE VACATED; CAUSE REMANDED.
DAUKSCH and ORFINGER, JJ., concur.