PER CURIAM.
Defendant appeals from the trial court’s upward departure from the sentencing guidelines. We reverse.
The court’s reasons for departure were as follows: “The facts of the instant case and the defendant’s criminal behavior indicate that the defendant is clearly a menace to society....” The order then appears to outline those facts and behavior which essentially were that prior to entering the house where defendant and his codefend-ant girlfriend were arrested for drug offenses, defendant, while in the presence of an 11-year-old child, gave the codefendant a gun. The order then states that the girlfriend, while she and defendant were being arrested in the house, attempted to pull the gun on the police. Thereafter the order concludes that the departure “is necessary for the protection of society....”
While a defendant being a menace to society, or a departure being necessary for the protection of society, may be a valid reason for departure in particular circum *1076 stances, see Mendenhall v. State, 511 So.2d 342 (Fla. 5th DCA 1987); Fuller v. State, 488 So.2d 594 (Fla. 2d DCA 1986), we do not conclude that sufficient such circumstances were shown to exist here. The only behavior attributed in the order to defendant was defendant having given the codefendant a gun. There was nothing to show that this was not an isolated incident or was likely to recur in the future. We do not conclude that that “establishes beyond a reasonable doubt that the defendant poses a danger to society in the future...." Whitehead v. State, 498 So.2d 863, 865 (Fla.1986) (emphasis added).
No basis was given for the additional conclusion in the order that defendant has “absolutely no respect for the criminal justice system.” Compare Fry v. State, 497 So.2d 964 (Fla. 1st DCA 1986).
Reversed and remanded for sentencing within the guidelines recommended range.
DANAHY, C.J., and SCHOONOVER and LEHAN, JJ., concur.