PER CURIAM.
The appellant, Rebecca Catherine Hyde, again challenges the departure sentences imposed after she was convicted of possession of cannabis, delivery of cannabis, and possession of a firearm during the commission of a felony. In Hyde v. State, 506 So.2d 1185 (Fla. 2d DCA 1987), we reversed the appellant’s sentence and remanded for *1167 resentencing because the trial court failed to give written reasons for departing from the guidelines. Again, we must reverse and remand for resentencing.
Although the sentencing guidelines called for a sentence of community control or twelve to thirty months incarceration, the trial court imposed sentences to-talling twenty-five years imprisonment. Of the three written reasons the trial court gave for its departure, we find only the fact that the appellant exposed a three month old baby and an eleven year old child to great danger when the appellant attempted to pull a loaded firearm from her purse to be a valid reason to depart. See Scurry v. State, 489 So.2d 25 (Fla.1986). Under the facts of this case, the other reasons were either invalid, see Atwaters v. State, 519 So.2d 611 (Fla.1988) (quantity of drugs involved), or unsupported by the record. See Nelson v. State, 516 So.2d 1075 (Fla. 2d DCA 1987) (need to protect society from defendant may be valid in particular circumstances).
Since we are unable to determine beyond a reasonable doubt that the invalid reasons did not affect the departure sentence, we reverse the sentences imposed and remand for resentencing. See Albritton v. State, 476 So.2d 158 (Fla.1985).
Reversed and remanded.
SCHEB, A.C.J., and SCHOONOVER and PARKER, JJ., concur.