RAWLS, Judge.
Appellant-defendant, Wayne Donald Caldwell, was informed against for the offense of murder in the first degree, and upon a jury verdict was adjudged guilty of murder in the second degree. By this appeal he contends (1) that the court erred in refusing to permit him to hold his Bible during the trial, and (2) the court erred in permitting the State to lead and impeach his own witness.
The record reflects that Appellant Caldwell, Charlie James, and May Belle Spicer were driving around downtown Jacksonville on the evening of October 20, 1969, and while proceeding along Forsyth Street, they observed two white men walking down the street. May Belle testified that as the car approached these two men, appellant jumped from the car wielding a .22 pistol. She further stated that she next saw one of the victims reaching for something and in response to that gesture, the appellant shot one of the men from a distance of 2 or 3 feet. May Belle and Charlie James drove off and the appellant fled on foot. They rejoined a short while later and drove to James’ house. James was called as a witness for the State and invoked the Fifth Amendment. The State then offered immunity to him in exchange for his testimony and he agreed to testify. However, James became a reluctant witness and upon motion by the State, the Court declared him to be a hostile witness. The State then proceeded to lead and cross-examine James who corroborated May Belle’s testimony as to the events that transpired.
Appellant’s defense was an alibi. He produced a number of relatives and friends who testified that they had all attended a party in an apartment on the night of the murder and that appellant could not have committed the crime. There was considerable variance in the testimony of these witnesses as to the events which transpired on the night of the murder.
Although the sufficiency of the evidence has not been raised by appellant, in view of the gravity of the offense, this Court has reviewed the entire record. The evidence overwhelmingly supports appellant’s conviction.
Appellant contends that the Court erred in refusing to permit him to hold his Bible during the trial. It was ascertained at the trial that the appellant first became acquainted with the Bible after being incarcerated, which was approximately three months prior to the trial. Upon the State’s objecting to the Bible being openly displayed before the Jury, the Jury was excused and the trial judge observed:
“If Mr. Caldwell had had this as a constant companion since an early age and felt spiritually bereft without it, I would see the point, but I think it is better not to introduce any extraneous factor into the trial.”
Whereupon the State voiced the view that there would be no objection to appellant having a Bible in a paper bag, or something similar, either in his lap or on the ta *424 ble if that would be a solace to him during the trial. The trial judge then stated:
“Mr. Caldwell, here is a splendid unused manila envelope and if you want to put your Bible in that, put it right there on the table, so you will have it handy, you go right ahead.”
We find no error as to the trial judge’s disposition of this question.
As to appellant’s contention that the court erred in permitting the State to lead and impeach his own witness, it is apparent from the record that the witness, James, was a most reluctant one, and the trial court was correct in declaring him to be a hostile witness and in permitting the State to examine him in the manner it did.
The judgment appealed is affirmed.
JOHNSON, C. J., concurs.
SPECTOR, J., specially concurs.