SMITH, Judge.
Appellant’s most substantial point is that the trial court erred in holding Section 775.-087(2), Florida Statutes (1975), requires a minimum three-year sentence and in sentencing appellant accordingly. Appellant was tried and convicted on an information charging robbery in which “the said defendant carried a firearm.” There was competent evidence appellant participated with another in committing the robbery and that the other, in appellant’s presence and with her approval, carried and displayed a firearm. Appellant’s conviction of armed robbery was not predicated on her personal possession of the firearm but rather on her active and knowing aid to him who did possess it. The jury was suitably charged on the principles of Section 777.011 as embodied in Fla. Std. Jury Instr. (Crim., 2d ed.) 2.05:
“A person may commit a crime by his own personal act or through the act or acts of another person. Any person who knowingly aids, abets, counsels, hires or otherwise procures the commission of a crime is equally guilty with the one who actually performs the criminal act, whether he is or is not present at the commission of the offense. However, for one person to be guilty of a crime physically committed by another, it is necessary that he have a conscious intent that the criminal act shall be done and that, pursuant to that intent, he do some act or say some word which was intended to and which did incite, cause, encourage, assist or induce another person to actually commit the crime.”
Convicting, the jury found a nexus between appellant’s knowing conduct and her companion’s firearm. The jury finding that appellant committed armed robbery is sufficient also, as the trial court held, to demonstrate her vicarious possession of the firearm for purposes of Section 775.087(2):
“Any person who is convicted of any robbery . . . and who had in his possession a ‘firearm,’ . . . shall be sentenced to a minimum term of imprisonment of 3 years. . .
AFFIRMED.
BOYER, C. J., and MILLS, J., concur.