351 So.2d 957 (1977)
Mae Helen EARNEST, Petitioner,
v.
STATE of Florida, Respondent.
No. 51491.
Supreme Court of Florida.
August 31, 1977.
Rehearing Denied December 6, 1977.
*958 Louis G. Carres, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for respondent.
ENGLAND, Justice.
The First District Court of Appeal has certified to us its recent decision[1] concerning Florida's statute requiring a three year minimum jail sentence for possession of a firearm during the commission of certain specified crimes,[2] indicating that in construing the statute to encompass aiders and abettors who are principals in the first degree to those crimes the court has passed on a question of great public interest.[3]
Section 775.087(2), Florida Statutes (1975), prescribes a three year minimum term of imprisonment for any person convicted of robbery (and other enumerated crimes) "who had in his possession" a firearm. Petitioner was sentenced under this provision after a conviction for armed robbery "not predicated on her personal possession of the firearm but rather on her active and knowing aid to him who did possess it".[4] The district court affirmed her sentence on the basis that vicarious possession of a firearm is punishable under Section 775.087(2).
Petitioner's challenge to her sentence is predicated on an asserted ambiguity in the phrase "in his possession". She suggests that the phrase may or may not include vicarious possession, and argues that for this precise reason we are obliged to construe the statute strictly  to exclude vicarious possession  in favor of the accused. She basically relies on Section 775.021(1), Florida Statutes (1975),[5] and on State v. Wershow, 343 So.2d 605 (Fla. 1977). In Wershow we reiterated the principle expressed in Ex Parte Amos, 93 Fla. 5, 112 So. 289 (1927):
"`The statute being a criminal statute, the rule that it must be construed strictly applies. Nothing is to be regarded as included within it that is not within its letter as well as its spirit; nothing that is not clearly and intelligently described in *959 its very words, as well as manifestly intended by the Legislature, is to be considered as included within its terms... .'"[6]
We agree that the term "possession" does not clearly encompass vicarious possession,[7] and we agree that petitioner is entitled to the benefit of the doubt. The Legislature has not unequivocally expressed an intention to require three year minimum sentences for all persons who participate in one of the enumerated criminal adventures.[8] Accordingly, petitioner's sentence is vacated and the case is remanded to the district court with instructions to remand to the trial judge for an appropriate sentence in accordance with this opinion.
It is so ordered.
OVERTON, C.J., SUNDBERG and HATCHETT, JJ., concur.
KARL, J., dissents.
NOTES
[1] Earnest v. State, 342 So.2d 1024 (Fla. 1st DCA 1977).
[2] § 775.087(2), Fla. Stat. (1975).
[3] We accept jurisdiction pursuant to Art. V, § 3(b)(3), Fla. Const.
[4] 342 So.2d at 1025.
[5] § 775.021(1), Fla. Stat. (1975), states:

"The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused."
[6] 343 So.2d at 608.
[7] Cases which have construed the term "possession" on review of marijuana and other drug possession convictions have no direct bearing on our construction of the term for purposes of this sentencing statute. See, for example, State v. Eckroth, 238 So.2d 75 (Fla. 1970); Arant v. State, 256 So.2d 515 (Fla. 1st DCA 1972); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965).
[8] We note that the statute as originally enacted provided a minimum sentence for conviction of certain felonies "involving" a firearm. § 775.087(2), Fla. Stat. (Supp. 1974). That language was changed to "possession" of a firearm at the next session of the Legislature. Ch. 75-298, Laws of Florida.