McCORD, Chief Judge.
Appellant contends first that the trial judge should have suppressed his confession *489 because it was the result of an arrest of appellant in his home without a warrant and with no showing by the state of exigent circumstances that would have excused the absence of an arrest warrant. The trial court was correct in denying appellant’s motion to suppress. See State v. Perez, 277 So.2d 778 (Fla.1973). Appellant next contends that the trial court erred by instructing the jury that he could be found guilty of robbery committed while carrying a firearm when the evidence conclusively established that the firearm was in the possession of appellant’s accomplice and that the judgment and sentence for armed robbery are, therefore, not supported by the evidence. Appellant cites Earnest v. State, 351 So.2d 957, Fla., opinion filed August 31, 1977, rehearing denied December 6, 1977. There, the Supreme Court construed § 775.-087(2), Florida Statutes (1975), which provides that any person who is convicted of robbery and who had in his possession a firearm shall be sentenced to a minimum term of imprisonment of three years. The court held that the three-year minimum term under the statute applied only to physical possession of a firearm by a defendant rather than constructive possession. Here, as in Earnest, the appellant, who did not have a firearm, was convicted as an aider and abettor of the crime in which he participated — robbery in which the offender carried a firearm or other deadly weapon [§ 812.13(1) and (2)(a), Florida Statutes (1975)], rather than robbery in which the offender carried no firearm, deadly weapon, or other weapon [§ 812.13(1) and (2)(c), Florida Statutes (1975)]. Here, unlike in Earnest, appellant was not sentenced to minimum three-year term of imprisonment; thus, we are not concerned with § 775.-087(2).
The Supreme Court in Earnest did not in any way abrogate § 777.011, Florida Statutes (1975), dealing with principals in the first degree. That statute provides that whoever aids, abets, counsels, hires or otherwise procures an offense to be committed and such offense is committed is a principal in the first degree and may be charged, convicted and punished as such whether he is or is not actually or constructively present at the commission of such offense. That statute makes an aider and abettor a principal in the first degree to the crime he aids and abets. Here, the evidence clearly shows that appellant was present aiding and abetting his accomplice in the accomplice’s commission of the crime of robbery with a firearm. Thus, appellant is guilty as a principal in the first degree of that crime rather than the crime of robbery in which the offender carried no firearm, deadly weapon, or other weapon.
AFFIRMED.
BOYER, J., and McLANE, RALPH M., Associate Judge, concur.