PER CURIAM.
Johnson appeals his judgment and sentence following a conviction of aggravated assault and armed robbery. Appellant’s first point is without merit and we affirm. However, his second point, alleging that the trial court erred in sentencing him to an indeterminate sentence of not less than three years nor more than life and in indicating that the three-year mandatory minimum sentence applied for use of a firearm, requires reversal.
The evidence at trial indicated one of two robbers actually possessed a firearm. The evidence wholly failed to identify Johnson as the robber possessing the gun. The jury was instructed on an aider and abettor theory and subsequently returned a verdict of guilty as charged. In Earnest v. State, 351 So.2d 957 (Fla.1977), the court held that the three-year mandatory minimum term of imprisonment did not apply to persons convicted of armed robbery who had only vicarious possession of the firearm, construing Section 775.087(2), Florida Statutes (1975). Séction 775.087(2), Florida Statutes (1979), applicable here, has identical provisions. Although this case is factually distinguishable from Earnest in that the evidence at trial affirmatively showed Earnest had only vicarious possession, we think the principle of Earnest applies in this factual situation where no evidence was presented showing appellant actually possessed the firearm and the jury was instructed on an aider and abettor theory. Thus, under these circumstances, although the evidence was clearly sufficient to support the crimes charged, neither the evidence nor the verdict support imposition of the three-year mandatory minimum sentence. Finally, after reviewing the sentencing hearing and the sentencing papers, it is not clear to us whether the judge really imposed an indeterminate sentence or a life sentence with the three-year mandatory minimum to apply. See Section 921.18, Florida Statutes (1979). Therefore, appellant’s sentence is vacated and the case remanded to the trial court for an appropriate sentence in accordance with this opinion.
Judgment affirmed; sentence vacated and case remanded.
ERVIN, J., and LILES, WOODIE A. (Retired) and PEARSON, TILLMAN (Retired), Associate Judges, concur.