402 So.2d 585 (1981)
Stanley BOOZER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1426.
District Court of Appeal of Florida, Fifth District.
August 26, 1981.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
The appellant appeals from a sentence entered upon a jury verdict of guilty for robbery with a firearm. §§ 812.13(2)(b) and 775.087(2), Fla. Stat. (1979). This sentence ordered the appellant to be committed to the Department of Offender Rehabilitation for a term of thirty (30) years, fifteen (15) years to be served in prison and fifteen *586 (15) years of probation. Such a split sentence is illegal. Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981).
The trial court also erred in sentencing the appellant pursuant to the provisions of section 775.087(2), Florida Statutes (1979). Although the robbery involved a co-defendant with a gun, there was no evidence that appellant ever had possession or used this firearm during the commission of the offense. Actual possession of a firearm is required to bring a defendant within the purview of section 775.087. Earnest v. State, 351 So.2d 957 (Fla. 1977); Johnson v. State, 399 So.2d 108 (Fla. 1st DCA 1981); [1981 F.L.W. 1273]; McGowan v. State, 362 So.2d 335 (Fla. 3d DCA 1978), overruled on other grounds, Freeman v. State, 382 So.2d 1307 (Fla. 3d DCA 1980). The provisions of section 775.087 do not apply to this appellant.
The sentence is vacated and the cause remanded.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.