GRIMES, Acting Chief Judge.
Appellant was properly convicted of burglary. The only serious question involved is whether the state proved appellant guilty of that aspect of burglary constituting a first degree felony.
Tampa police officer Williams answered a silent burglar alarm in a building at 904 East Platt Street at about 10:45 p.m. As he approached the scene, he saw a man later identified as appellant run from the back of the property on which the building was located. He observed the appellant get into an automobile and lie down as if to hide. The officer ordered him out of the car. After appellant got out, he took something from his waistband, threw it on the ground, and kicked it away from him. The officer retrieved a .22 caliber pistol from the location where appellant had kicked the object. He then placed appellant under arrest, but as he attempted to handcuff him, the appellant attacked him. In the course of subduing appellant, it became necessary for the officer to shoot him. Scientific evidence effectively demonstrated that it was appellant who had broken into the building.
Section 810.02(2), Florida Statutes (1981), provides:
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault upon any person.
(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.
Proof that the burglar committed an assault or was armed with a dangerous weapon in the course of committing the offense is sufficient to convict of a first degree felony. He need not be armed within the structure because that portion of subsection (b) referring to structure contemplates only the unarmed burglar who arms himself once inside.
Section 810.011(3), Florida Statutes (1981), states:
(3) An act is committed “in the course of committing” if it occurs in an attempt to commit the offense or in flight after the attempt or commission.
The evidence sufficiently showed that appellant was armed with a dangerous weapon while he was in flight after the burglary. The jury could have concluded that appellant had the pistol in his waistband as he was running from the building, but in any event, it cannot reasonably be disputed that he had it in his possession at a point prior to the time he was arrested. In view of our holding, we need not decide the more difficult question of whether appellant was still in flight when he assaulted officer Williams following his arrest.
There is no merit in the other points on appeal.
AFFIRMED.
RYDER and SCHOONOVER, JJ., concur.