458 So.2d 1194 (1984)
Carl A. LESTER, Appellant,
v.
STATE of Florida, Appellee.
No. AX-241.
District Court of Appeal of Florida, First District.
November 14, 1984.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Carl A. Lester was found guilty of armed robbery and kidnapping, and guilty of assault as a lesser included offense to battery. The judgment and sentence of the trial court are reversed and a new trial is ordered because of improper comments by the trial judge during jury selection and improper imposition of three year mandatory minimum sentences. The remaining issues raised on appeal are found to be without merit.
*1195 During jury selection, a prospective juror stated that his daughter had been the victim of an attempted rape. He further stated that he could not base his decision on the law if the charge were kidnapping. The court then stated:
C: Let me explain to you about kidnapping. If you go in to rob a place and the man is behind the cash register and you make him go to the back room, that's kidnapping under the law.
J: Yes, sir.
C: Do you understand that?
J: Yes, sir.
C: It's not, you know, chasing someone over six states or anything like that.
The juror was excused for cause, and appellant moved for a mistrial because the court's instruction on kidnapping was erroneous and based upon the facts of this case, and because the jury panel had been tainted. The court denied the motion without comment.
The facts disclosed at trial were identical to those described by the judge in his dialogue with the prospective juror. Viewed in a light most favorable to the state, the judge's comment must be regarded as an expression by the judge that conduct similar to that of appellant is kidnapping under Florida law. It could even be construed as an expression of belief in this particular defendant's guilt. In either event, it is reversible error. Raulerson v. State, 102 So.2d 281 (Fla. 1958); Gans v. State, 134 So.2d 257 (Fla. 3d DCA 1961).
It appears undisputed from the record that appellant last touched the gun involved in these offenses when he took it from the glove compartment and put it on the front seat before getting out of the car in which appellant and his accomplice had driven to the scene. Only appellant's accomplice had possession of the weapon during the commission of the robbery. Imposition of the mandatory minimum three year sentences for possession of the gun was erroneous. Earnest v. State, 351 So.2d 957 (Fla. 1977); Boozer v. State, 402 So.2d 585 (Fla. 5th DCA 1981).
The judgment and sentence are REVERSED and the case REMANDED for a new trial.
JOANOS and WIGGINTON, JJ., concur.