SHIVERS, Judge.
Appellant Reese appeals a judgment and sentence imposed after a jury found her guilty of attempted second-degree murder. We affirm both the judgment and sentence, pursuant to an Anders[1] brief submitted by appellant’s counsel. On review of supplemental briefs filed by both appellant and appellee[2], however, we reverse the trial *365 court’s order imposing costs pursuant to section 960.20 and section 943.25(4), and directing appellant to “either pay $200 to the Criminal Justice Fund or complete sixty (60) hours of community service work,” pursuant to section 27.3455, Florida Statutes. Although costs may be imposed on an indigent defendant under sections 960.-20 and 943.25(4), Jenkins v. State, 444 So.2d 947 (Fla.1984), as well as under the amended section 27.3455, Florida Statutes (1987), the trial court must first afford the defendant notice and an opportunity to object. Jenkins v. State, supra; Mays v. State, 519 So.2d 618 (Fla.1988). Since due process requirements were not observed in this case, the portion of the trial court’s order imposing costs is reversed and remanded for rehearing. On remand, the trial court is to use the amended section 27.3455, Florida Statutes (1987). Riddell v. State, 509 So.2d 956, 957 (Fla. 1st DCA 1987); Brown v. State, 508 So.2d 776, 778 (Fla. 1st DCA 1987); Jones v. State, 507 So.2d 763 (Fla. 1st DCA 1987).
REVERSED and REMANDED.
JOANOS and THOMPSON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. This court requested supplemental briefs on the issue of costs, pursuant to State v. Causey, *365 503 So.2d 321 (Fla.1987), after an examination of the record revealed an apparently meritorious issue not raised in the Anders brief.