PER CURIAM.
James Wilson appeals his conviction of robbery, and raises two issues. First, he contends that the lower court erred in denying his motion for a cautionary jury instruction after the court misinstructed the jury on the difference between theft and robbery. We have carefully reviewed the statement of the court in the context of the record and find no error in denying appellant’s motion. The circumstances of this case are simply not analogous to either Raulerson v. State, 102 So.2d 281 (Fla.1958) or Lester v. State, 458 So.2d 1194 (Fla. 1st DCA 1984), relied on by Wilson.
We find merit in appellant’s second point contending that the lower court erred in assessing court costs without inquiring into appellant’s ability to pay. Defense counsel objected to the court’s imposition of costs on the ground that Wilson was indigent and therefore could not pay the costs. Instead of determining whether Wilson was, in fact, indigent, the court noted the objection and proceeded to impose costs of $5,600, an attorney’s fee of $400, a Crimes Compensation Trust Fund assessment of $20, and a Law Enforcement Education Trust Fund fee of $2. (R. 21-247). The state concedes that if these proceedings did not constitute due process, the court’s imposition of the above costs was error under the law stated in Mays v. State, 519 So.2d 618 (Fla.1988), Reese v. State, 521 So.2d 364 (Fla. 1st DCA 1988), and Jenkins v. State, 444 So.2d 947 (Fla.1984). Because the court did not make any inquiry into Wilson’s ability to pay after Wilson’s counsel objected, we must reverse and remand for that determination.
*1246 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SMITH, C.J., and WENTWORTH and ZEHMER, JJ., concur.