NIMMONS, Judge.
The defendant appeals from a judgment and sentence for armed burglary. Although admitting to the burglary of the subject mini-warehouse storage units, he claims he was not armed and that the court erred in denying his motion for judgment of acquittal as to the higher degree of burglary attributable to the “armed” fea-, ture of the burglary charge. He also claims reversible error in the court’s overruling his objections to the prosecutor’s questions on cross-examination of the defendant relative to the defendant’s practice of carrying his Bible around with him. We affirm.
The defendant admittedly burgled the subject structure. Officer Roberts observed the defendant run from the structure, enter his truck and proceed to drive off. Roberts apprehended the defendant and ordered him to exit the truck. There was also a 16-year-old boy in the truck on • the passenger side. The defendant was subsequently placed under arrest. Roberts testified that there was a .22 caliber rifle found in the passenger compartment. It was situated next to the driver’s leg with the barrel pointing downward.
The defendant asserts that since he did not possess the rifle at or about the situs of the burgled premises, he could not be convicted of armed burglary under Section 810.02(2)(b), Florida Statutes (1987), and the three-year mandatory minimum sentence under Section 775.087(2), Florida Statutes (1987) could not be applied. We disagree.
In order for a person to be guilty of armed burglary, he must have been armed while “in the course of committing the offense.” Section 810.02(2). The phrase “in the course of committing” is defined in Section 810.011(4) as follows:
(4) An act “is in the course of committing” if it occurs in an attempt to commit the offense or in flight after the attempt or commission.
The evidence sufficiently showed that the defendant was armed with a dangerous weapon while in flight after commission of the burglary. See Peoples v. State, 436 So.2d 972 (Fla. 2nd DCA 1983).
Also, the three-year mandatory minimum was properly applied because the defendant “had in his possession” the above referred rifle within the meaning of Section 775.087(2). See Williams v. State, 502 So.2d 1307 (Fla. 3rd DCA 1987), approved 517 So.2d 681 (rifles found within arm’s reach of defendant). As noted above, the loaded rifle was right at the defendant’s knee when he was apprehended.
Further, the three-year mandatory minimum is applicable notwithstanding the fact that the rifle was not possessed in or about the burgled premises but only in the flight after the commission of the burglary. In this respect, we construe Section 775.-087(2) consistent with our construction of Section 810.02(2), supra (insofar as the inclusion of the defendant’s acts committed while in flight after the commission of the burglary). We do so because the clear intent of the mandatory minimum provisions of Section 775.087(2) was to discourage the possession of a firearm at any time during the course of the commission of the subject offense. See Williams v. State, 517 So.2d 681, 682 (Fla.1988).[1]
During the course of the trial, the defendant carried a Bible with him. Apparently, no objection was made by the state. Instead, on cross-examination of the defendant, the prosecutor was allowed, over objection, to ask the defendant whether he had carried his Bible with him when he committed the subject offense. He was *384 asked the same question relative to two prior offenses which the state elicited on cross. Even if error,[2] which we do not decide, such was harmless beyond a reasonable doubt. The evidence of the defendant’s guilt was overwhelming. The facts were virtually undisputed. Indeed, defendant’s testimony was tantamount to a judicial confession.
AFFIRMED.
BOOTH, J., concurs.
ZEHMER, J., specially concurs with opinion.

. We note that no argument has been advanced that it was improper to convict the defendant of the greater offense of armed burglary and to also impose the mandatory minimum penalty because of the firearm. Such double enhancement argument has been rejected by the Supreme Court. Williams, supra, at p. 682.

. Compare, Caldwell v. State, 243 So.2d 422 (Fla. 1st DCA 1971).