601 So.2d 263 (1992)
STATE of Florida, Appellant,
v.
Joe Hilton SMITH, Appellee.
No. 91-1342.
District Court of Appeal of Florida, First District.
June 2, 1992.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., for appellant.
Nancy A. Daniels, Public Defender, Carol Ann Turner, Asst. Public Defender, for appellee.
*264 WEBSTER, Judge.
In a 2-count amended criminal information, appellee (defendant below) was charged with sale of cocaine and possession of cocaine with intent to sell, respectively.[1] Each count of the amended information also charged that, "in the course of committing the offense[, defendant] had in his possession a semiautomatic firearm and its high-capacity detachable box magazine, as defined in and contrary to Section 775.087(2)(a) and (b), Florida Statutes." A jury found defendant guilty, as charged, of both offenses. At the sentencing hearing, the trial court concluded that the evidence presented at trial had been legally insufficient to support the jury's findings that, when defendant committed the drug offenses charged, he had "had in his possession a semiautomatic firearm and its high-capacity detachable box magazine." Therefore, the trial court declined to impose for either offense the 8-year minimum mandatory sentence contained in Section 775.087(2), Florida Statutes (1989). Instead, it sentenced defendant within the recommended guidelines range for each offense. The state appeals. We have jurisdiction.[2] Because we conclude that the evidence presented at trial was legally sufficient to support the jury's findings that, at the time he committed each of the charged offenses, defendant "had in his possession a semiautomatic firearm and its high-capacity detachable box magazine," we reverse.
The evidence presented at trial as to whether defendant "had in his possession a semiautomatic firearm and its high-capacity detachable box magazine" at the time he committed the offenses charged, viewed in a light most favorable to the state, can be summarized as follows: Kenneth Truxell, an acquaintance of defendant's who had, himself, been arrested on drug-related charges, was persuaded by employees of the Leon County Sheriff's Office to attempt to make "a controlled buy" of crack cocaine from defendant. Truxell drove to defendant's residence, accompanied by a number of deputies. He was searched to ensure that he had no drugs on his person; given two $20 bills which had been photocopied as a means of identification; and told to enter defendant's residence and attempt to purchase crack cocaine with the money. Truxell knocked on the door. He was let into the home by Hugh Lee Ott, a friend of defendant's who sometimes stayed with defendant.
Once inside the home, Truxell proceeded to defendant's bedroom. There he found defendant, seated on the bed, and "a couple of friends" of defendant's, who were seated in chairs talking to defendant. Truxell asked defendant if he had any cocaine. Defendant "pulled out a few rocks and [Truxell] purchased a five dollar hit." Using a pipe provided by defendant, Truxell smoked the "five dollar hit" in the presence of defendant and defendant's two "friends." After he had smoked the "five dollar hit," Truxell developed a case of "cold feet," and left. He told the deputies that defendant had drugs in the home. However, because he had come out without any drugs, he was told to go back into the home and make a purchase.
*265 Truxell reentered the home, and again proceeded to defendant's bedroom. This time, defendant was alone in the bedroom. Truxell asked defendant for "forty dollars worth" of cocaine. Defendant again removed some cocaine rocks from a bag which had been in his pocket, and gave them to Truxell. In return, Truxell gave defendant the two $20 bills which had been provided by the deputies. Truxell then left, delivering the cocaine to the deputies.
Within minutes of Truxell's departure, the deputies went to the house and executed arrest and search warrants. Defendant and Ott each had one of the $20 bills with which Truxell had been instructed to purchase cocaine. In defendant's bedroom, the deputies found candles, "a set of balance scales commonly used to weigh drugs" and a police radio scanner. Also in defendant's bedroom, in a nightstand immediately adjacent to the bed, the deputies found twelve pieces of crack cocaine, weighing approximately 3.3 grams; and a small bag containing a quantity of marijuana. Finally, several weapons were found in the bedroom. In particular, a ".45 autocaliber semiautomatic carbine" with a "detachable box magazine" capable of being loaded with thirty "centerfire cartridges," was found next to the nightstand, within reach of the bed and the drugs. The carbine belonged to defendant; had been next to the nightstand during the transactions which had taken place between Truxell and defendant; and was in good working order.
Section 775.087(2)(a), Florida Statutes (1989), provides, in relevant part, that:
Any person who is convicted of ... the sale, manufacture, delivery, purchase, or possession with intent to distribute any controlled substance and who had in his possession a semiautomatic firearm and its high-capacity detachable box magazine ... shall be sentenced to a minimum term of imprisonment of 8 calendar years.[[3]]
Definitions for the terms "high-capacity detachable box magazine" and "semiautomatic firearm" are found in subsections (2)(b)1. and (2)(b)2, respectively. The uncontroverted evidence at trial established that the carbine found in defendant's bedroom met the definition of a "semiautomatic firearm"; and that it was equipped with a "high-capacity detachable box magazine." Defendant concedes as much on appeal. Instead, he continues to rely on the argument that the evidence presented at trial was legally insufficient to support the jury's findings that he "had [the semiautomatic carbine] in his possession" during the commission of either of the offenses charged. The state, on the other hand, argues that there was sufficient evidence to permit the jury to reach the conclusions it did.
We believe that the issue presented by this appeal involves a mixed question of law and fact. First, the meaning of the phrase "had in his possession," as used in the statute, must be ascertained. Then the evidence presented at trial must be examined to determine whether, when viewed in a light most favorable to the state, that evidence was sufficient to support the jury's findings that, at the time defendant *266 committed the offenses with which he was charged, he did have the semiautomatic carbine "in his possession."
The portion of Section 775.087(2)(a), Florida Statutes (1989), upon which the state relies to support its argument that the trial court was obliged to sentence defendant to an 8-year mandatory minimum prison term for the two offenses of which defendant was convicted was only recently added to that statute by Chapter 89-306, Section 3, Laws of Florida. We have been unable to discover any decisions which address the meaning of the language used in this relatively recent amendment. However, that portion of Section 775.087(2)(a) which requires a 3-year minimum mandatory sentence for "[a]ny person ... convicted of ... murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes ... who had in his possession a `firearm' ... or `destructive device'" (emphasis added), has been in existence since 1975 (Ch. 75-298, § 3, Laws of Fla.); and has been the subject of construction in a number of decisions.
In Earnest v. State, 351 So.2d 957 (Fla. 1977), our Supreme Court was called upon to decide whether the 3-year minimum mandatory sentence provision found in Section 775.087(2) applied to one convicted of armed robbery "`not predicated on her personal possession of the firearm but rather on her active and knowing aid to him who did possess it.'" Id. at 958. The Court described such a fact situation as involving what it referred to as "vicarious possession" of a firearm. Because the legislature had "not unequivocally expressed an intention" that the 3-year minimum mandatory sentence provision apply to such cases of "vicarious possession" of firearms, the Court concluded that it did not. Id. at 959. Subsequent decisions which have applied the holding in Earnest to preclude imposition of the 3-year minimum mandatory sentence when a codefendant or accomplice actually had the firearm (i.e., when the defendant had nothing more than what the Supreme Court had referred to as "vicarious possession") include Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991); Hicks v. State, 583 So.2d 1106 (Fla. 2d DCA 1991); and Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987).[4]
More recently, in Williams v. State, 517 So.2d 681 (Fla. 1988), aff'g, 502 So.2d 1307 (Fla. 3d DCA 1987), the Court was presented with the following issue: "[W]hether the three-year mandatory minimum required by section 775.087(2) ... applies to a burglary conviction if the defendant was not in possession of a firearm when he initiated the burglary but only acquired the firearm after entering the premises." Id. at 681-82 (footnote omitted). Noting that there was "no evidence that the legislature intended any distinction based upon the timing of the perpetrator's possession" (id. at 682), the Court concluded that "whatever may be the efficacy of the mandatory minimum provision, its intent clearly was to discourage the possession of a firearm at any time during the course of a criminal endeavor." Id. Accordingly, the Court answered the question presented in the affirmative, holding that the 3-year minimum mandatory sentence provision did apply.
Of greater interest for the purpose of this appeal, however, is the fact that, in Williams, both the Third District and the Supreme Court treated the defendant as having had the firearms "in his possession" for purposes of Section 775.087(2), even though they were found at his feet (517 *267 So.2d at 682) or "within an arm's reach" (502 So.2d at 1308), rather than on his person. A similar result was reached in Fipps v. State, 553 So.2d 382 (Fla. 1st DCA 1989), where the defendant argued that it was error to apply the 3-year minimum mandatory sentence provision contained in Section 775.087(2) to him because the firearm had been found next to him in the truck he was driving, rather than on his person. However, this court, citing Williams, held that "the three-year mandatory minimum was properly applied because the defendant `had in his possession' the ... rifle within the meaning of Section 775.087(2)." Id. at 383. See also Bradley v. State, 413 So.2d 1248 (Fla. 1st DCA 1982) (proof that firearm "was physically available, readily accessible, within the reach of [defendant's] hand, capable of being used by him immediately" sufficient to establish "actual," as opposed to "vicarious," possession for purposes of Section 775.087(2)).
"It is a fundamental rule of statutory construction that legislative intent is the polestar by which the court must be guided, and this intent must be given effect even though it may contradict the strict letter of the statute." State v. Webb, 398 So.2d 820, 824 (Fla. 1981). However, "[t]he best evidence of the intent of the legislature is generally the plain meaning of the statute." In re Order on Prosecution of Criminal Appeals, 561 So.2d 1130, 1137 (Fla. 1990). "When a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense." Milazzo v. State, 377 So.2d 1161, 1162 (Fla. 1979).
It appears relatively clear to us that the word "possession," as used in the phrase "had in his possession a `firearm' ... or `destructive device'" [which is the prerequisite to a 3-year minimum mandatory sentence pursuant to Section 775.087(2)]; and the word "possession," as used in the phrase "had in his possession a semiautomatic firearm and its high-capacity detachable box magazine or a machine gun" [which is the prerequisite to an 8-year minimum mandatory sentence pursuant to Section 775.087(2)]; were both intended by the legislature to have the same meaning. Moreover, it appears to us that the manifest legislative intent behind both the 3-year and the 8-year minimum mandatory sentence provisions contained in Section 775.087(2) is twofold: to discourage accessibility of the weapons specified during the commission of the offenses enumerated; and, thereby, to reduce the likelihood of death or serious bodily harm to victims, law enforcement officers and bystanders.
Accordingly, we conclude that the words "had in his possession" in the phrase "had in his possession a semiautomatic firearm and its high-capacity detachable box magazine or a machine gun" (as well as in the phrase "had in his possession a `firearm' ... or `destructive device'") are intended to mean had either on his person or readily accessible. Such a construction is, we believe, consistent with both the common, everyday meaning of the words used and the manifest legislative intent. Moreover, it is, we believe, also consistent with logic and common sense. To accept defendant's argument that the statutory prerequisite is satisfied only when it is proved that a specified weapon was actually on a defendant's person at the time that an enumerated offense was committed would lead to absurd results. If, for instance, a defendant had a specified weapon on the seat of a vehicle, next to him, or on a table, in front of him, the statute would not apply. Such a construction would emasculate the statute.[5] Finally, the construction we adopt appears consistent with those of courts in other jurisdictions which have been called upon to determine the meaning of the word "possession," as used in similar statutes. See, e.g., Kornbluth v. *268 State, 580 A.2d 556 (Del. 1990) (evidence that weapons and drugs were found within arm's reach of each other in defendant's home sufficient to support convictions for possession of a deadly weapon during commission of a felony); State v. Groth, 144 Vt. 585, 481 A.2d 26 (1984) (evidence that loaded rifle was on floor of back seat of vehicle, close to defendant, sufficient to support conviction for possession of loaded rifle while in a motor vehicle on a public highway); People v. Terry, 124 Mich. App. 656, 335 N.W.2d 116 (1983) (evidence that firearm and drugs were found in same bag sufficient to support conviction for possession of a firearm during commission of a felony, even though bag was not on defendant's person); State v. Rieger, 26 Wash. App. 321, 613 P.2d 163 (1980) (firearm need only be within defendant's reach and capable of being used by him immediately to support enhanced punishment for commission of a crime while in possession of a firearm).
We conclude, further, that, viewed in a light most favorable to the state, there was sufficient evidence from which the jury could have found that, at the time defendant committed each of the offenses charged, the semiautomatic carbine was within his immediate reach and, therefore, readily accessible.[6] It follows, therefore, that there was sufficient evidence from which the jury could have reached the conclusions it did  that, at the time defendant committed the offenses with which he had been charged he "had in his possession a semiautomatic firearm and high-capacity detachable box magazine." Accordingly, the trial court erred when it granted defendant's motion for a judgment of acquittal as to the portion of each count charging possession of "a semiautomatic firearm and high-capacity detachable box magazine" when the offense was committed, and declined to impose the 8-year minimum mandatory sentence called for by Section 775.087(2).
We reverse the decision of the trial court by which it granted a judgment of acquittal as to that portion of each count of the amended information which charged that, at the time he committed the offense charged, defendant "had in his possession a semiautomatic firearm and its high-capacity detachable box magazine"; and remand to the trial court for further proceedings. On remand, the trial court is directed to enter judgments in accordance with the jury's verdicts, and to sentence defendant as called for by Section 775.087(2), Florida Statutes (1989).
REVERSED and REMANDED, with directions.
SMITH and ZEHMER, JJ., concur.
NOTES
[1] By a separate amended information, defendant was also charged with (and ultimately convicted of) conspiracy to traffic in cocaine. Although that case was tried with the case charging sale of cocaine and possession of cocaine with intent to sell, and the state's notice of appeal bears both case numbers, the trafficking in cocaine case is not a subject of this appeal.
[2] The trial court granted defendant's motion for judgment of acquittal directed to both counts of the amended information, insofar as the motion challenged the sufficiency of the evidence to support the jury's findings that defendant "had in his possession a semiautomatic firearm and its high-capacity detachable box magazine." Section 924.07(1)(j), Florida Statutes (1989), permits the state to appeal "[a] ruling granting a motion for judgment of acquittal after a jury verdict." See State v. Hartzog, 575 So.2d 1328 (Fla. 1st DCA), review denied, 581 So.2d 1308 (Fla. 1991). Likewise, because the minimum sentence specified in Section 775.087(2), Florida Statutes (1989), is mandatory, if the state's argument were to prove correct, the sentences imposed by the trial court would be illegal. Section 924.07(1)(e), Florida Statutes (1989), permits the state to challenge a sentence "on the ground that it is illegal." See generally Zimmerman v. State, 467 So.2d 1119 (Fla. 1st DCA 1985).
[3] In its entirety, Section 775.087(2)(a), Florida Statutes (1989), reads:

(2)(a) Any person who is convicted of:
1. Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; or
2. Any battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties
and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device," as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years. Any person who is convicted of any of the crimes listed in this paragraph or the sale, manufacture, delivery, purchase, or possession with intent to distribute any controlled substance and who had in his possession a semiautomatic firearm and its high-capacity detachable box magazine or a machine gun as defined in s. 790.001 shall be sentenced to a minimum term of imprisonment of 8 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence.
[4] We recognize that Bell v. State, 589 So.2d 1374, 1376 (Fla. 1st DCA 1991), contains the statement that "[c]onstructive or vicarious possession of a firearm, although sufficient to sustain a conviction for robbery with a firearm, is insufficient to constitute possession under Section 775.087(2), Florida Statutes" (emphasis in original); and that similar language is contained in Bellinger v. State, 514 So.2d 1142, 1143 (Fla. 1st DCA 1987) ("While constructive or vicarious possession is sufficient to sustain a conviction for robbery with a firearm, it is insufficient to constitute possession under [Section 775.087(2)]"). However, we believe that it is apparent from a reading of each of these opinions in its entirety that the words "constructive" and "vicarious" were being used as synonyms.
[5] We recognize that this court's opinion in Menendez v. State, 521 So.2d 210 (Fla. 1st DCA 1988), contains language which might be read to support defendant's argument. However, that language was unnecessary to the resolution of the issue involved and was, therefore, dicta, which does not govern our decision here. Moreover, conflicting views appear in Williams v. State, 517 So.2d 681 (Fla. 1988); Fipps v. State, 553 So.2d 382 (Fla. 1st DCA 1989); and Bradley v. State, 413 So.2d 1248 (Fla. 1st DCA 1982). See text supra, at 266-267.
[6] As to each count of the amended information, the trial court instructed the jury as follows:

If you find that at the time of the [offense charged], the defendant possessed a semiautomatic firearm, and its high-capacity detachable box magazine, you should specify in your verdict that the defendant possessed a semiautomatic firearm at the time of the [offense]. Before you can apply this aggravating circumstance, however, you must be convinced beyond a reasonable doubt, that the firearm was in the actual physical possession of the defendant, or that it was so close as to be readily available to him at the time of the [offense].
We are of the opinion that this instruction was an adequate statement of the law to inform the jury what they must find before they could conclude that defendant "had in his possession a semiautomatic firearm and its high-capacity detachable box magazine," as charged in each count.