PER CURIAM.
In the instant appeal, appellant raises the sole issue of whether the trial court erred in imposing an upward departure sentence. Appellant argues and the state properly concedes that none of the reasons for departure provided by the trial court are supported by the record. Appellant’s sentence is, therefore, vacated, and the case .is remanded for resentencing within the presumptive guidelines range. See Shull v. Dugger, 515 So.2d 748, 749 (Fla.l987)(“Generally, when all of the reasons stated by the trial court in support of departure are found invalid, resen-tencing following remand must be within the presumptive guidelines sentence.”).
On remand, however, the guidelines sentencing scoresheet requires correction. See Williams v. State, — So.2d —, 21 Fla. L. Weekly D2050 [1996 WL 51156] (Fla. 1st DCA Sept. 11, 1996)(“The trial court should have an accurate scoresheet before making a sentencing decision.”). The victim injury points, the points for legal status violation, and use of the law enforcement protection multiplier must be deleted from the scoresheet. First, as appellant argues, neither the victim injury points nor the legal status violation points originally scored are supported by the record. Second, the law enforcement protection multiplier contained in section 921.0014(1), Florida Statutes (1993), is not applicable pursuant to section 775.087(2)(a)2, as the state argues. There is no firearm violation charged in the instant case and no finding of such possession. See State v. Smith, 601 So.2d 263, 267 (Fla. 1st DCA 1992)(holding where defendant charged with sale and possession of cocaine and each count also charged firearm possession under section' 775.087(2)(a) and (b) the phrase “had in his possession” means “had either on his person or readily accessible”). Points may be assessed on remand, however, for release program violation, if such is supported by the record.
The cause is remanded for resentencing in accordance with this opinion.
MINER, WEBSTER and LAWRENCE, JJ., concur.